UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOYD BLINSKY TRUCKING, INC., <br><br> Plaintiff, <br><br> v. <br><br> NAVISTAR, INC., <br><br> Defendant. | CASE NO. C15-5467 BHS <br><br> ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Navistar, Inc.'s ("Navistar") motion to dismiss. Dkt. 19. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion in part and denies it in part for the reasons stated herein.

**I.   PROCEDURAL AND FACTUAL HISTORY**

Plaintiff Floyd Blinsky Trucking, Inc. ("Plaintiff") brings claims against Navistar related to the purchase of twenty Navistar International ProStar trucks Plaintiff allegedly purchased between October and December 2011. On July 11, 2014, Plaintiff filed a complaint against Navistar in Pierce County Superior Court for the State of Washington, asserting claims for breach of express warranty, breach of implied warranty, breach of

ORDER - 1

contract, fraud, and fraud by nondisclosure. Dkt. 1 at 9–34. On July 7, 2015, Navistar removed the matter to this Court. Dkt. 1.

On July 31, 2015, the Court granted a conditional transfer order for multidistrict litigation ("MDL") *In re Navistar MaxxForce Engines Marketing, Sales Pracitces and Products Liability Litigation*, No. 2590. Dkt. 11. On September 10, 2020, Plaintiff filed an amended complaint. Dkt. 31-8. On October 2, 2020, the case was remanded from the MDL. Dkt. 12.

On October 9, 2020, Navistar filed the instant motion to dismiss requesting that the Court dismiss Plaintiff's fraud, fraud by nondisclosure, and implied warranty claims. Dkt. 19. On November 2, 2020, Plaintiff responded and conceded dismissal of the implied warranty claim. Dkt. 32. On November 6, 2020, Navistar replied. Dkt. 33.

## II. DISCUSSION

**A.  Standard**

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The pleadings are closed for purposes of Rule 12(c) once a complaint and answer have been filed. *Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005). "Analysis under Rule 12(c) is 'substantially identical' to analysis under Rule 12(b)(6) because, under both rules, a court must determine whether the facts alleged in the complaint, taken as true, entitle the plaintiff to a legal remedy." *Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015) (quoting *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)).

1       Motions to dismiss brought under Rule 12(b)(6) of the may be based on either the
2  lack of a cognizable legal theory or the absence of sufficient facts alleged under such a
3  theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material
4  allegations are taken as admitted and the complaint is construed in the plaintiff's favor.
5  *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss,
6  the complaint does not require detailed factual allegations but must provide the grounds
7  for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause
8  of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must
9  allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

10 **B.    Merits**

11      "In alleging fraud or mistake, a party must state with particularity the
12 circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). "Averments of fraud
13 must be accompanied by 'the who, what, when, where, and how' of the misconduct
14 charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (quoting
15 *Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997)).

16      In this case, Navistar argues that Plaintiff's amended complaint fails to meet the
17 heightened requirements of Rule 9(b). Dkt. 19. The Court agrees. For example, Plaintiff
18 alleges that Navistar and its agent MPE made misrepresentations to Plaintiff when
19 Plaintiff was researching and investigating potential purchases of Navistar's trucks. Dkt.
20 31-8, ¶¶ 77–78. Such general allegations do not meet the requirements of a specific
21 person making misrepresentations to another person, and Plaintiff fails to specify with
22 particularity when these misrepresentations were made. *See, e.g.*, *Segal Co. (E. States),*

*Inc. v. Amazon.Com*, 280 F. Supp. 2d 1229, 1231 (W.D. Wash. 2003) ("the complaint's reference to certain 'representatives' of defendant is too vague to sufficiently identify the alleged perpetrators."). Thus, the Court grants Navistar's motion to dismiss the fraud claim.

Regarding fraudulent concealment, Navistar correctly identifies that Plaintiff's claim is based on a theory of actual misrepresentations and a theory of failure to disclose material information. Dkt. 19 at 9–10. While the former theory is confusing because it is essentially a fraud claim, Navistar attacks the latter for failure to allege the who, when, and where of the omissions. *Id.* However, for a claim based on omission, it seems difficult to specifically allege who didn't do what at a given time. *See, e.g.*, *Falk v. Gen. Motors Corp.*, 496 F. Supp. 2d 1088, 1098–99 (N.D. Cal. 2007) ("Clearly, a plaintiff in a fraud by omission suit will not be able to specify the time, place, and specific content of an omission as precisely as would a plaintiff in a false representation claim."). As such, the Court finds that Plaintiff has sufficiently alleged that Navistar and MPE knew the relevant engines were faulty and failed to disclose this information to Plaintiff's detriment. Dkt. 31-8, ¶¶ 97–99. Therefore, the Court denies Navistar's motion on this claim.

Regarding relief, "[a] district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Plaintiff requests leave to amend and submitted a proposed amended complaint. Dkt. 32. Navistar argues that even the proposed complaint fails to state a claim. Dkt. 33. The Court disagrees because Plaintiff

alleges in part that Jim Hebe made misrepresentations to Floyd Blinsky regarding testing of the faulty engines at a trade show in Louisville, Kentucky. Although Plaintiff pleads additional non-specific allegations related to fraud, partial dismissal of claims is improper at this time. "A motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of parts of claims; the question at this stage is simply whether the complaint includes factual allegations that state a plausible claim for relief." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 325 (7th Cir. 2015); *see also Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (Under Rule 12(b)(6), "the complaint should be read as a whole, not parsed piece by piece to determine whether each allegation, in isolation, is plausible."). Therefore, the Court grants Plaintiff leave to file an amended complaint. Plaintiff may include additional allegations regarding its fraud claim in response to Navistar's reply.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Navistar's motion to dismiss, Dkt. 19, is **GRANTED in part** and **DENIED in part** and Plaintiff is **GRANTED** leave to amend. Plaintiff shall file an amended complaint no later than December 14, 2020.

Dated this 1st day of December, 2020.

BENJAMIN H. SETTLE
United States District Judge